**FILED & ENTERED**

APR 22 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY vandenst DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ORCHID CHILD PRODUCTIONS, LLC,<br><br>                          Debtor. | Case No. 2:20-bk-21080-RK<br><br>Chapter 7<br><br>Adv. No. 2:21-ap-01212-RK<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION OF COUNTERCLAIM-DEFENDANTS WHOSE DOG R U PRODUCTIONS, INC., AND JAMES FRANCO TO DISMISS TRUSTEE'S COUNTERCLAIM**<br><br><u>Hearing</u><br>Date:  March 26, 2024<br>Time:  1:30 p.m.<br><br>Place:  Courtroom 1675<br>   Roybal Federal Building<br>   255 East Temple Street<br>   Los Angeles, CA  90012 |
| WHOSE DOG R U PRODUCTIONS, INC.,<br>                          Plaintiff,<br>  vs.<br><br>EDWARD M. WOLKOWITZ, CHAPTER 7 TRUSTEE,<br><br>                        Defendant. | |

EDWARD M. WOLKOWITZ, Chapter 7 Trustee,

                Counterclaimant,

  vs.

WHOSE DOG R U PRODUCTIONS, INC., and JAMES FRANCO,

                Counterclaim-Defendants.

      This adversary proceeding came on for hearing on March 26, 2024 before the undersigned United States Bankruptcy Judge on the motion of counterclaim-defendants Whose Dog R U Productions, Inc. (Whose Dog), and James Franco (Franco) to dismiss the Counterclaim[1] of counterclaimant Edward M. Wolkowitz, Chapter 7 Trustee (Trustee).  Appearances were made as noted on the record.  Following the hearing on March 26, 2024, the parties, Whose Dog and Franco and Trustee filed post-hearing briefs on April 2, 2024 to address the tentative ruling on the motion posted for the motion on the court's website before the hearing and the arguments made at the hearing.  After the filing of the post-hearing briefs, the court took the motion under submission.

      Having considered the moving, opposing and reply papers and the post-hearing briefs relating to the motion and the oral arguments of the parties at the hearing on March 26, 2024, the court makes the following rulings.

      Whose Dog and Franco in the motion make several arguments why the court should dismiss Trustee's claims for relief in the Counterclaim in this adversary proceeding for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Federal Rule of Bankruptcy Procedure 7012(b), making Federal Rule of Civil Procedure 12(b) applicable to this adversary

---

[1] The "Counterclaim" filed by Trustee consists of nine separate claims for relief against Whose Dog and/or Franco. Docket No. 88.  Docket entries refer to documents filed in this adversary proceeding unless otherwise noted, such as in the main bankruptcy case of Debtor Orchid Child.

-2-

proceeding. Whose Dog and Franco argue that Trustee may not rely upon California procedural law to relate the counterclaim back to the filing of their complaint initiating this adversary proceeding and that only Federal Rule of Civil Procedure 15 applies and does not permit any relation back. Motion, Docket No. 105 at 13-23 (internal page citation at 12-22); *see also,* Federal Rule of Bankruptcy Procedure 7015 which makes Federal Rule of Civil Procedure 15 applicable to this adversary proceeding. Whose Dog and Franco also argue that Trustee's claims in his counterclaim fail to allege legally cognizable claims. Motion, Docket No. 105 at 23-32 (internal page citation at 22-31)

The argument of Whose Dog and Franco that California procedural law does not apply here because of Federal Rule of Civil Procedure 15 lacks merit because the plain language of Rule 15(c)(1)(A) recognizes that "[a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back . . . ." That is, since California law provides the applicable statute of limitations, applicable California law would allow relation back to the date of the "original pleading," the trustee's answer, served and filed on November 11, 2021, as set forth in the case law that recognizes that the filing of the original complaint, such as the original complaint filed by Whose Dog in this adversary proceeding on October 12, 2021, tolls the statute of limitations as to any cross-complaint or counterclaim against them arising out of the same "contract, transaction, matter, happening or accident" upon which action was brought by Whose Dog. *Trindade v. Superior Court*, 29 Cal.App.3d 857, 859-860 (1973) and *Paredes v. Credit Consulting Services, Inc.,* 82 Cal.App.5th 410, 428 (2022), *cited in*, Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations*, ¶.8:240 (online edition February 2024 update); *see also, Blaser v. State Teachers' Retirement System*, 37 Cal.App.5th 349, 377 (2019), *citing inter alia, Jones v. Mortimer*, 20 Cal.2d 627, 633 (1946). Thus, as to Whose Dog, since it filed the original complaint in this matter, the statute of limitations as to any counterclaims against it was tolled when it filed its complaint on October 12, 2021, and Rule 15(c)(1)(A) recognizes

relation back to the date of the trustee's answer as his original pleading on November 11, 2021, which was timely as the statute of limitations for any counterclaim was tolled when Whose Dog filed its complaint on October 12, 2021. Presumably, the date on which the statute of limitations began to run was on May 31, 2018, the date of the alleged breach of contract asserted by the Debtor, and any four-year statute of limitations was tolled when the adversary complaint was filed on October 12, 2021.

However, this rationale does not apply to Franco, who is a new party to the adversary proceeding as he was not the party which filed the original complaint in this adversary proceeding, which was Whose Dog. *Boyer v. Jensen*, 129 Cal.App.4th 62, 70 (2005), *cited in,* Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations*, ¶.8:255. That is, the court rejects Whose Dog's argument that it is a new party to the Counterclaim because it was not a new party to the adversary proceeding since it is an existing party to the adversary proceeding, having commenced it.

The court's discussion above is substantially the same as in its tentative ruling[2] to which Whose Dog and Franco expressed disagreement in their supplemental brief, arguing as follows:

> The Court is of the tentative opinion that, as to Whose Dog, the filing of Whose Dog's complaint tolled the statute of limitations as to any counterclaim by the Trustee citing as authority, *Trindale v. Sup. Ct.,* 29 Cal.App.3d 857, 859-860, and Rutter Group Practice Guide, Civil Proc. Before Trial-Statutes of Limitation ¶ 8:240. These authorities, however, do not address an **amendment** under Rule 15 to an Answer to add a new Counterclaim against newly added Cross-Defendants. The Trustee has not addressed Rule 15 in his briefs.
>
> Rule 15(c)(1) applies to determine whether the newly filed Counterclaims relate back to a the prior "original pleading," i.e., here the **Answer** (not the Complaint).
>
> Under Rule 15(c)(1), for the reasons set forth in Cross-Defendants' Motion to Dismiss and Reply, the statute of limitations has run as to the claims asserted. The applicability of Rule 15(c)(1) is discussed here because Cross-Defendants believe that the Tentative is incorrect on this point.

---

[2] A copy of the court's tentative ruling on the motion posted on the court's website on March 25, 2024 before the hearing is attached hereto.

>    The Trustee was granted leave earlier this year to amend his Answer to include a newly asserted Counterclaim.  Under Rule 15(c)(1), for relation back to apply and to avoid the statutes of limitation barring such claims, the Trustee must establish **either** that: (1) California law allows relation back to the **Answer** when a new counterclaim is added by amendment (Rule 15(c)(1)(A)), **or** (2) if the newly asserted Counterclaim names a new cross-defendant, the requirements of Rule 15(c)(1)(C) are satisfied here.  Neither requirement can be met here.
>
>    As to Rule 15(c)(1)(A), while the Court correctly states that under California law the filing of a complaint tolls the statute of limitations as to a counterclaim against a Plaintiff relating to the same contract, transaction, etc., the requirement for relation back in Federal Court in the context of an amendment to add a counterclaim is more specific. While the statute of limitations may have been tolled under California law as to an **origina**l counterclaim filed with the Answer, the question here is whether an **amendment** adding a new Counterclaim to an Answer (after all parties agree that the statute of limitations ran years ago) relates back under Rule 15(c)(1)(A).
>
>    Rule 15(c)(1)(A) applies to **existing** Cross-Defendants. Since there are none, even if California law would permit the late filing of an "original" counterclaim against a plaintiff, Rule 15(c)(1)(A) does not apply here. Moreover, under California law, if the Trustee wanted to assert new claims against a new cross-defendant, he would have had to have **previously** alleged counterclaims and named Doe counter-defendants, which he also did not do. See Motion at 14-16.
>
>    Rule 15(c)(1)(C) applies to **newly named** Cross-Defendants – both Whose Dog and Franco. The Trustee cannot and has not met the requirements set forth therein, i.e., among other things, the new counterclaims were indisputably not timely asserted and served per Rule 4(m), i.e., within 90 days after the Answer was originally filed and served. See Motion at 16-22

Supplemental Brief of Whose Dog and Franco, Docket No. 113 at 6-8 (internal page citation at 4-6) (emphasis in original).  The court does not agree with, and rejects, this argument made by Whose Dog and Franco because Rule 15(c)(1)(A) does not limit relation back to existing counterclaims and existing counterclaim-defendants because its language broadly refers to "the law that provides the applicable statute of limitations [that] allows relation back," that is, here California law,  which the court has recognized as discussed above.  Thus, the court does not agree with Whose Dog's overly narrow construction of Rule 15(c)(1)(A) and California law stating that the latter does not apply to an answer as an original pleading since the tolling event under California law for counterclaims is the filing of the complaint.

As to both Whose Dog and Franco, under Rule 15(c)(1)(A), California law of equitable tolling may apply to toll the statute of limitations on the trustee's counterclaims against them. *See, Law Finance Group, LLC v. Key*, 14 Cal.5th 932, 952 (2023); *Saint Francis Memorial Hospital v. State Department of Public Health*, 9 Cal.5th 710, 720 (2020) and *Addison v. State of California*, 21 Cal.3d 313, 320-321 (1978), *cited in*, Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations*, ¶¶.6:6-6:7.1; *see also, McDonald v. Antelope Valley Community College District*, 45 Cal.4th 88, 99 (2008). That is, equitable tolling may apply to suspend the statute of limitations where a plaintiff has several alternative remedies, and makes a good faith, reasonable decision to pursue one remedy, and it later becomes necessary to pursue the other. *Elkins v. Derby*, 12 Cal.3d 410, 412-413 (1974); and *Saint Francis Memorial Hospital v. State Department of Public Health*, 9 Cal.5th at 725, *cited in*, Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations*, ¶¶.6:26. Such equitable tolling may apply to arbitration proceedings. Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations*, ¶¶.6:60-6:60.1, *citing inter alia, Rodriguez v. Southern California District Council of Laborers*, 160 Cal.App.3d 956, 961 (1984) and *Marcario v. County of Orange*, 155 Cal.App.4th 397, 408 (2007); *see also, Cervantes v. City of San Diego,* 5 F.3d 1273, 1274-1277 (9th Cir. 1993) (applying California law of statute of limitation and equitable tolling to claim under 42 U.S.C. § 1983).

Trustee apparently asserts that the equitable tolling applies to the entire time when the disputes between Debtor Orchid Child Productions, LLC (Debtor) and Whose Dog and Franco were in arbitration as they were all parties to the arbitration. However, the court believes that there are factual issues as to whether equitable tolling saves Trustee's counterclaims for any applicable four year statute of limitations under California law as equitable tolling must apply only where a plaintiff, or Trustee and his predecessor, Debtor, as counterclaimant, has pursued its alternative remedy of

arbitration. Apparently, any cause of action from breach of contract accrued to Debtor in May 2018, and there was no equitable tolling until Whose Dog filed its arbitration demand on May 1, 2020, which initiated the alternative remedy. On or about May 20, 2020, Debtor filed its answering statement and counterclaims in the arbitration proceeding, and on or about November 13, 2020, Franco filed his answer to Debtor's counterclaims in arbitration and his own counterclaims in arbitration. These circumstances indicate that Debtor was reasonably pursuing its alternative remedy in arbitration during this time period, but on December 21, 2020, Debtor filed its bankruptcy petition, commencing this Chapter 7 bankruptcy case, which stayed the arbitration proceedings. On October 12, 2021, Whose Dog filed its complaint commencing this adversary proceeding for declaratory and injunctive relief as to ownership of the film footage, and on November 11, 2021, Trustee filed his answer to the adversary complaint without asserting any counterclaims.

There are factual issues as the reasonableness of the pursuit by Debtor and Trustee as its successor in interest in the alternative remedy of arbitration as it appears that Debtor filed the bankruptcy to stay the arbitration and its successor-in-interest, that Trustee, has opposed stay relief sought by Whose Dog to allow the arbitration to proceed, and that when Whose Dog filed its adversary complaint for declaratory and injunctive relief, there was no impediment to Trustee to file counterclaims which he now seeks to bring as the arbitration was stayed from the bankruptcy. *See McDonald v. Antelope Valley Community College District*, 45 Cal.4th at 102. The issue appears to be whether Debtor and/or Trustee reasonably and in good faith pursued the alternative remedy of arbitration as to the counterclaims, and the court is not so sure that Debtor and/or Trustee did, so it may be that not all the time claimed by Trustee should be equitably tolled, but this appears to be a factual issue as to whether the counterclaims are timely. *See* Supplemental Brief of Trustee, Docket No. 114 at 12-13 (internal page citation at 9-10). The lack of equitable tolling as a practical matter would only affect the Trustee's state law claims against Franco as it appears that the claims against Whose

1  Dog are timely based on its filing of the original complaint within the statutes of
2  limitation.
3      The court's discussion above is substantially the same as in its tentative ruling
4  which Whose Dog and Franco expressed disagreement in their supplemental brief,
5  arguing as follows:

> The facts regarding the Trustee's decision not to pursue any claims against Whose Dog and Franco are undisputed and support a ruling that equitable tolling does not apply. After Debtor filed its Bankruptcy Petition and Whose Dog filed its Complaint in this adversary, the Trustee **intentionally** did not assert counterclaims against Whose Dog and/or Franco, and **affirmatively** stated in his Answer, Second Affirmative Defense, that the Complaint was "an improper attempt to compel the Trustee to engage in litigation over claims that the Trustee has not decided to pursue." For the first time at the hearing on March 26, 2024, and despite many previous opportunities to set-the-record-straight, the Trustee's counsel asserted that what the Trustee, i.e., his counsel who drafted the Affirmative Defense, really meant was that the Trustee had not "yet" decided when he filed his Answer in November 2021 whether or not he intended to pursue claims against Whose Dog (and that the Counterclaim evidences that he has now decided). The Trustee's counsel claimed there is a distinction between: (1) "claims that the Trustee has **not decided** to pursue" as alleged in the Answer (which he asserted and now claims meant he had not yet decided) and (2) "claims that the Trustee has **decided not** to pursue" (what he would have said (but did not) if he really had decided he really was not going to pursue any claims).

Supplemental Brief of Whose Dog and Franco, Docket No. 113 at 8-9 (internal page citation at 6-7) (emphasis in original; footnote omitted). In the court's view, the issue of Trustee's intent in not asserting counterclaims in his answer to Whose Dog's adversary complaint goes to the factual determination of the reasonableness and good faith of Trustee's equitable tolling claim, which the court believes that it cannot decide as a matter of law on a motion to dismiss, that is, whether Trustee may rely upon the doctrine of equitable tolling to assert that his counterclaims are timely. *See Hopkins v. Kedzierski,* 225 Cal.App.4th 736, 755 (2014) ("whether a plaintiff has demonstrated the elements of equitable tolling presents a question of fact"), *citing and quoting inter alia, Marcario v. County of Orange,* 155 Cal.App.4th at 408 ("Equitable tolling is a fact-intensive issue and it is determined based upon evidence . . . .") (citation and internal

quotation marks omitted); see also, Cervantes v. City of San Diego, 5 F.3d at 1274-1277 (applying California law of statute of limitation and equitable tolling to plaintiff's claim under 42 U.S.C. § 1983, stating: "The sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine. . . We hold that ordinarily equitable tolling is not properly resolved at the pleading stage.") (emphasis in original). In *Cervantes v. City of San Diego,* the Ninth Circuit noted California's three-pronged test for invocation of doctrine of equitable tolling based on pursuit of an alternative remedy: "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy three factors: 1) timely notice to defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." 5 F.3d at 1275, *citing, Donoghue v. Orange County,* 848 F.2d 926, 931 (9th Cir. 1987) and *Collier v. City of Pasadena,* 142 Cal.App.3d 917, 923 (1983). Regarding this standard, the Ninth Circuit also observed in *Cervantes v. City of San Diego*: "California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation." *Id.* at 1276. As discussed herein, this observation is applicable here.

The court also addresses the arguments of Whose Dog and Franco that Trustee's claims for relief in his counterclaim fail to allege legally cognizable claims. Trustee's first and second causes of action for declaratory relief that the estate owns the film footage and related copyright and may sell such property and his are federal declaratory relief claims and are not California state declaratory relief claims subject to some state statute of limitations. Accordingly, the motion to dismiss these claims under a four year state statute of limitations should be denied. Regarding the motion to dismiss for failure to state a claim, Trustee has stated plausible claims for declaratory relief that the estate owns the film footage and related copyright and may sell such property of the estate as there has been no judicial declaration that the estate owns and may sell such property, though as Whose Dog and Franco point out, Trustee could seek

such relief by motion.  That Trustee is proceeding by counterclaim rather than by motion does not necessarily preclude his proceeding by counterclaim.

Regarding the argument of Whose Dog and Franco that Trustee's first claim for declaratory relief as to ownership of the film footage and related copyright should be dismissed as moot because Whose Dog has conceded ownership, it appears to the court that Trustee can seek declaratory relief since there has been no judicial declaration of its ownership, and if Whose Dog has conceded ownership, then perhaps it could consent to allow the court to proceed to enter judgment in favor of Trustee on that claim for relief.

Regarding his third claim for relief for unjust enrichment, Trustee has agreed in his opposition to the motion to dismiss to dismiss this claim without prejudice, and therefore, the motion to dismiss should be granted as to this claim, which should be dismissed without prejudice.

Regarding Trustee's fourth and fifth claims for anticipatory breach of contract, sixth claim for promissory estoppel and seventh claim for breach of the covenant of good faith and fair dealing, the court agrees with Trustee that Federal Rule of Civil Procedure 8(d)(3) permits him to allege claims asserting inconsistent theories of relief and would deny the motion to dismiss on this ground.  As to the argument of Whose Dog and Franco that Trustee's sixth claim for promissory estoppel is time-barred under the two year statute of limitations under California Code of Civil Procedure § 339(1), there is a factual issue regarding timeliness as the alleged breach of promise set forth in the Counterclaim occurred in May 2018 and the alleged tolling event of Whose Dog's commencement of arbitration occurred on May 1, 2020.

Regarding Trustee's eighth and ninth causes of action objecting to the claims of Whose Dog and Franco, Trustee has stated plausible claims that his objections to their claims should be disallowed, and notice pleading under Federal Rule of Civil Procedure 8 is sufficient.

For the foregoing reasons, the court will deny the motion to dismiss, except

grants in part the motion as to the third claim for relief, which Trustee agrees to dismiss without prejudice.

Accordingly, the court orders as follows:

1. Based on Trustee's concession as to his third claim for relief in the Counterclaim, the motion is granted as to this claim, which is dismissed without prejudice.
2. Otherwise, the motion is denied.
3. Whose Dog and Franco must serve their answer in accordance with Federal Rule of Bankruptcy Procedure 7012 within 21 days of the date of entry of this order and must file their answer pursuant to Federal Rule of Civil Procedure 5(d), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7005.

IT IS SO ORDERED.

###

Date: April 22, 2024

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING ON MOTION

Updated tentative ruling as of 3/25/24.

Regarding the motion to dismiss, the court's tentative ruling is that the argument of Whose Dog and Franco that California procedural law does not apply here because of Federal Rule of Civil Procedure 15 lacks merit because the plain language of Rule 15(c)(1)(A) recognizes that "[a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back . . . ."  That is, since California law provides the applicable statute of limitations, applicable California law would allow relation back as set forth in the case law that recognizes that the filing of the original complaint, such as the original complaint filed by Whose Dog in this adversary proceeding, tolls the statute of limitations as to any cross-complaint or counterclaim against them arising out of the same "contract, transaction, matter, happening or accident" upon which action was brought by Whose Dog.  *Trindade v. Superior Court*, 29 Cal.App.3d 857, 859-860 (1973) and *Paredes v. Credit Consulting Services, Inc.*, 82 Cal.App.5th 410, 428 (2022), *cited in,* Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations,* ¶.8:240 (online edition February 2024 update); *see also, Blaser v. State Teachers' Retirement System,* 37 Cal.App.5th 349, 377 (2019), *citing inter alia, Jones v. Mortimer,* 20 Cal.2d 627, 633 (1946).  Thus, as to Whose Dog, since it filed the original complaint in this matter, the statute of limitations as to any counterclaims against it was tolled when it filed its complaint in 2021.  Presumably, the date on which the statute of limitations began to run was on May 31, 2018, the date of the alleged breach of contract asserted by the Debtor, and any four-year statute of limitations was tolled when the adversary complaint was filed in 2021.  However, this rationale does not apply to Franco, who is a new party as he was not the party which filed the original complaint in this adversary proceeding, which was Whose Dog.  *Boyer v. Jensen*, 129 Cal.App.4th 62, 70 (2005), *cited in,* Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations,* ¶.8:255.

As to both Whose Dog and Franco, under Rule 15(c)(1)(A), California law of equitable tolling may apply to toll the statute of limitations on the trustee's counterclaims against them.  *See, Law Finance Group, LLC v. Key,* 14 Cal.5th 932, 952 (2023); *Saint Francis Memorial Hospital v. State Department of Public Health,* 9 Cal.5th 710, 720 (2020) and *Addison v. State of California,* 21 Cal.3d 313, 320-321 (1978), *cited in,* Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations,* ¶¶.6:6-6:7.1; *see also, McDonald v. Antelope Valley Community College District,* 45 Cal.4th 88, 99 (2008).  That is, equitable tolling may apply to suspend the statute of limitations where a plaintiff has several alternative remedies, and makes a good faith, reasonable decision to pursue one remedy, and it later becomes necessary to pursue the other.  *Elkins v. Derby,* 12 Cal.3d 410, 412-413 (1974); and *Saint Francis Memorial Hospital v. State Department of Public Health,* 9 Cal.5th at 725, *cited in,* Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure Before Trial – Statutes of Limitations,* ¶¶.6:26.  Such equitable tolling may apply to arbitration proceedings. Banke and Segal, *Rutter Group California Practice Guide: Civil Procedure*

*Before Trial – Statutes of Limitations,* ¶¶.6:60-6:60.1, *citing inter alia, Rodriguez v. Southern California District Council of Laborers,* 160 Cal.App.3d 956, 961 (1984) and *Marcario v. County of Orange,* 155 Cal.App.4th 397, 408 (2007).  The trustee apparently asserts that the equitable tolling applies to the entire time when the disputes between Debtor and Whose Dog and Franco were in arbitration as they were all parties to the arbitration.  However, the court believes that there are factual issues as to whether equitable tolling saves the trustee's counterclaims for any applicable four year statute of limitations under California law as equitable tolling must apply only where a plaintiff, or the trustee and his predecessor, Debtor, pursue its alternative remedy of arbitration.  Apparently, any cause of action from breach of contract accrued to Debtor in May 2018, and there was no equitable tolling until Whose Dog filed its arbitration demand on May 1, 2020.  On or about May 20, 2020, Debtor filed its answering statement and counterclaims in the arbitration proceeding, and on or about November 13, 2020, Franco filed his answer to Debtor's counterclaims in arbitration and his own counterclaims in arbitration.  These circumstances indicate that Debtor was reasonably pursue its alternative remedy in arbitration during this time period, but on December 21, 2020, Debtor filed its bankruptcy petition, commencing this Chapter 7 bankruptcy case, which stayed the arbitration proceedings.  On October 12, 2021, Whose Dog filed its complaint commencing this adversary proceeding for declaratory and injunctive relief as to ownership of the film footage, and on November 11, 2021, the trustee filed its answer without asserting any counterclaims.  There are factual issues as the reasonableness of the pursuit by Debtor and the trustee as its successor in interest in the alternative remedy of arbitration as it appears that Debtor filed the bankruptcy to stay the arbitration and has opposed stay relief sought by Whose Dog to allow the arbitration to proceed, and when Whose Dog filed its adversary complaint for declaratory and injunctive relief, there was no impediment to the trustee to file counterclaims which he now seeks to bring as the arbitration was stayed from the bankruptcy.  *See McDonald v. Antelope Valley Community College District,* 45 Cal.4th at 102.  The issue is whether the trustee reasonably and in good faith pursued the alternative remedy as opposed to the counterclaims, and the court is not so sure that he did, so it appears that not all the time claimed should be equitably tolled, but this appears to be a factual issue as to whether the counterclaims are timely.  The lack of equitable tolling as a practical matter would only affect the noncore state law counterclaims against Franco as it appears that the counterclaims as to Whose Dog are timely based on its filing of the original complaint within the statutes of limitations.

The trustee's first and second causes of action for declaratory relief that the estate owns the film footage and related copyright and may sell such property and his are federal declaratory relief claims and are not California state declaratory relief claims subject to some state statute of limitations.  Accordingly, the motion to dismiss these claims under a four year state statute of limitations should be denied.  Regarding the motion to dismiss for failure to state a claim, the trustee has stated plausible claims for declaratory relief that the estate owns the film footage and related copyright and may sell such property of the estate as there has been no judicial declaration that the estate owns and may sell such property, though as Whose Dog and Franco point out, the trustee could

seek such relief by motion. That the trustee is proceeding by counterclaim rather than by motion does not necessarily preclude his proceeding by counterclaim.

Regarding the argument of Whose Dog and Franco that the trustee's first counterclaim for declaratory relief as to ownership of the film footage and related copyright should be dismissed as moot because Whose Dog has conceded ownership, it seems to the court that the trustee can seek declaratory relief since there has been no judicial declaration of its ownership, and if Whose Dog has conceded ownership, then the court inquires of Whose Dog and Franco whether it can proceed to enter judgment in favor of the trustee on that counterclaim.

Regarding the trustee's third counterclaim for unjust enrichment, the trustee has agreed in his opposition to the motion to dismiss to dismiss this counterclaim without prejudice, and therefore, the motion to dismiss should be granted as to this counterclaim, which should be dismissed without prejudice.

Regarding the trustee's fourth and fifth counterclaims for anticipatory breach of contract, sixth counterclaim for promissory estoppel and seventh counterclaim for breach of the covenant of good faith and fair dealing, the court agrees with the trustee that Federal Rule of Civil Procedure 8(d)(3) permits him to allege claims asserting inconsistent theories of relief and would deny the motion to dismiss on this ground.

Conclusion: Deny motion to dismiss, except as to the third counterclaim which the trustee agrees to dismiss without prejudice.

Appearances are required on 3/26/24, but counsel and self-represented parties must appear either in person in the courtroom or remotely through Zoom for Government in accordance with the court's remote appearance instructions.